UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**LIFE INSURANCE COMPANY OF NEW YORK,**

                    **Plaintiff,**

     -against-

**RICHARD OGNIBENE and MICHAEL BAILEY AS ADMINISTRATOR OF THE ESTATE OF JUDITH BAILEY,**

                    **Defendants**
-----------------------------------------------------------------x

Civil Action No. **CV 08 1150**

**COMPLAINT**

**SPATT, J.**

**WALL, M.J.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 20 2008 ★
BROOKLYN OFFICE

      Plaintiff, **LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA")**, by its attorneys RUSSO, KEANE & TONER, LLP, complaining of the defendants, allege:

      1.    This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, to seek a determination regarding entitlement to benefits due under an employee benefit plan, and to recovery attorneys' fees and costs.

      2.    This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

      3.    Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant Richard Ognibene resides or may be found in this district.

      4.    At all times relevant to this action, LINA is a foreign corporation having offices at 1601 Chestnut Street, Philadelphia, Pennsylvania.

      5.    Upon information and belief, defendant, Richard Ognibene, at all times relevant to this action has been a resident of Queens County, New York.

      6.    Upon information and belief, defendants, JOHN DOES 1-5 and JANE DOES 1-5 are the as-yet unidentified heirs-at-law of Judith Bailey, Deceased, who may have claims against the subject insurance policies referred to herein below.

7. At all times relevant to this action, LINA issued a basis and supplemental life insurance policy numbered FLX-052097 to **Cendent Corporation** insuring its eligible employees ("policies").

8. Judith Bailey elected coverage under the policies, the total death benefit under the policies is $848,000.00

9. According to the beneficiary assignation form, defendant, Richard Ognibene, is the beneficiary under the policies.

10. Upon information and belief, Judith Bailey died on June 11, 2006.

11. The defendants, The Estate of Judith Bailey have made claims for benefits under the policies.

12. The defendant Richard Ognibene, has made a claim for the benefit of the policies.

13. LINA therefore faces conflicting claims from Richard Ognibene, the named beneficiary of Judith Bailey's Life Insurance policies as well as from, The Estate of Judith Bailey.

14. LINA acknowledges that it will have to pay those monies to one or more of the conflicting claimants and potential claimants.

15. LINA is indifferent and disinterested as to which of the potential claimants is entitled to the proceeds of the policies. LINA is unable to safely determine which of the potential claimants is entitled to the policy's proceeds, and should LINA make any payment to one or another of the above persons, it could be exposed to multiple liability.

16. In order to avoid multiple claims and liabilities, LINA hereby interpleads Richard Ognibene, the Estate of Judith Bailey, and John Does 1-5 and Jane Does 1-5 so that both parties' claims and entitlement to LINA's policies may be resolved in this proceeding.

17. LINA is ready and willing to pay the sums payable under said policy to whichever claimant or claimants the Court determines is entitled to same, or to pay the money into Court pending the Court's determination.

**WHEREFORE,** LINA demands judgment:

1. Requiring defendants to respond hereto setting forth their claims to the proceeds of LINA's policy on the life of Judith Bailey.

2. Permitting plaintiff to pay the proceeds of said policy into Court, and upon such payment into Court, discharging the plaintiff from any further liability to any of the parties to this action.

3. For an injunction or other appropriate order restricting all parties from instituting any proceedings in any court, federal or state, against this plaintiff for the recovery of all or any part of the coverage of said policy which is before the Court in this cause of action.

4. For such other relief as this Court deems just and proper, together with an allowance to LINA for its expenses, costs and disbursements of this action, payable out of the money in interpleader-plaintiff's possession.

Dated: New York, New York
March 19, 2008

Yours, etc.,

*Matthew P. Mazzola*

Matthew P. Mazzola (MM-7427)
**RUSSO, KEANE & TONER, LLP**
Attorneys for Plaintiff
**LIFE INSURANCE COMPANY OF NORTH AMERICA**
26 Broadway - 28th Floor
New York, New York 10004
(212) 482-0001
(212) 482-0002
RKT File No. 820.259